UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 08-cr-0205/004-008 |
| VS. | JUDGE HAIK |
| RAVEN ROCHELLE DAVENPORT (004)<br>MELVIN WAYNE ALEXANDER (005)<br>WALTER PAUL JERMAINE LEVY (006)<br>JACORY JAMAR SIMON (007)<br>ROBERT ANDREW COLBERT (008) | MAGISTRATE JUDGE HILL |

**ORDER OF DETENTION PENDING TRIAL**
*(by Magistrate Judge Mildred E. Methvin)*

The five defendants listed above, along with five others, are charged in a 41-count indictment with conspiracy to possess with intent to distribute cocaine, cocaine base, and other controlled substances between November 1, 2005 and December 9, 2007. In addition, each defendant is charged with various substantive drug-related crimes.

At the initial appearance on August 13, 2008, the government requested detention, and a hearing was held on August 15, 2008, before Magistrate Judge Mildred E. Methvin. At the conclusion of the hearing, the court determined that no condition or combination of conditions will reasonably assure the safety of any other person or the community, and that defendants should be detained pending trial. This memorandum constitutes the written reasons for detention.

**I. Bail Reform Act, 18 U.S.C. §3141 *et seq.***

*A. Statutory Scheme*

The statutory scheme of the Bail Reform Act favors release over pretrial detention. If release on a standard unsecured bond is not sufficient, the Act requires pretrial release "subject to the least restrictive further condition, or combination of conditions, that [the court] determines

will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(c)(1)(B); U.S. v. Reiner, 468 F.Supp.2d 393, 395 (E.D.N.Y.,2006).

However, the court "shall order the detention of [the defendant] before trial" if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. §3142(e); United States v. El-Hage, 213 F.3d 74, 76 (2d Cir.2000); United States v. Gotti, 358 F.Supp.2d 280, 282, (S.D.N.Y.2005).

A detention hearing may only be held if one of the six circumstances listed under 18 U.S.C. §3142(f) applies. Here, a hearing was authorized because the charged offenses fall under subsection (C), "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C.951 et seq.) or chapter 705 of title 46."

The standard of proof differs for flight risk and danger to the community. The government must demonstrate by "clear and convincing evidence" that no condition or combination of conditions will reasonably assure the safety of any other person and the community, United States v. Mercedes, 254 F.3d 433, 436 (2d Cir.2001). The lower standard of "preponderance of the evidence" applies to the determination of risk of flight. *See* United States v. Friedman, 837 F.2d 48, 49 (2d Cir.1988).

### B. *Factors to be Considered*

The factors to be considered in determining whether successful release conditions can be imposed are contained in §3142(g):

    **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    **(2)** the weight of the evidence against the person;

    **(3)** the history and characteristics of the person, including --

        **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State, or local law; and

    **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II.  Evidence Presented

As noted, defendants are charged in a 41-count indictment with various serious drug offenses. The indictment describes a drug organization run by Darius Nathaniel Fisher (Defendant 001) and Joseph Lee Helaire, Jr. (now deceased), which delivered large quantities of cocaine from Houston to the Acadiana area, where much of it was converted by local dealers into cocaine base prior to distribution. The indictment details the alleged activities of each defendant in connection with the drug ring. There is a presumption against defendants' release under §3142(e) of the Bail Reform Act.

DEA Agent Chad Berard testified regarding the investigation. Agents wiretapped hundreds of conversations which established the existence of the conspiracy, and will serve as evidence at trial. In addition, defendant Levy provided videotaped confessions. The charges are

supported by probable cause by virtue of the indictment, and the testimony of the agent established that the weight of the evidence is strong.

All of the defendants have strong ties to the community. All of the defendants have past drug convictions and were all on probation from state convictions at some point during the existence of the conspiracy charged here.

As the minutes of the detention hearing will reflect, in addition to the testimony of Agent Berard, the court received testimony from two witnesses for defendants, along with proffers from both the government and defense counsel. Most of the testimony related to the existence of family members willing to serve as third-party custodians if defendants were released.

### III. Conclusion

After carefully considering the evidence presented, the court concluded that no defendant successfully rebutted the presumption against release. Although defendants do not appear to be flight risks, considering their prior criminal histories and the fact that they were all on state probation during all or part of the conspiracy charged, the court concludes that there are no conditions or combination of conditions which will reasonably assure the safety of the community. In arriving at this conclusion, all of the factors enumerated in 18 U.S.C. §3142(g) have been considered, including the nature and circumstances of the offense, the weight of the evidence against defendants, the history and characteristics of defendants, and the nature and seriousness of the danger to any person or the community that would be posed by the defendants' release.

For the foregoing reasons, **IT IS ORDERED** that defendants are committed to the custody of the Attorney General or his designated representative for confinement in a corrections

facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendants shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendants to the United States marshal for the purpose of an appearance in connection with a court proceeding.

    Signed at Lafayette, Louisiana, on August 15, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)